The opinion of the Court was delivered by
Whitner, J.
The plaintiff claims a right to recover interest in this case. The action was for goods sold and delivered. The declaration contained, no count for interest, and although it did contain the usual count for money had and received, the bill of particulars, we are informed in the course of the argument, was for goods alone, and without any item for interest.
It cannot be said, in the ordinary transaction of the sale of goods, that interest is an incident of the contract itself. The first inquiry is, whether there was a special agreement to pay interest eo nomine, or to do something towards the payment of an admitted sum. That would imply a promise, for in no just sense can it be maintained that the interest constitutes a part of the price of the goods. I do not understand this principle to be drawn into controversy. Cases in our own State are numerous in reference to such contracts as carry interest with them. Harp. 83; 1 Hill, 393 : 3 McC. 505; 2 Bail. 394.
The mere statement of such a proposition, it would seem, discloses the necessity of its appearance in the pleading in some form. The very object of all pleading is to advertise the party sought to be charged, of the matter or thing claimed. Hence the necessity of a declaration ; and where, according to our forms and the nature of the demand, it might otherwise be too general, hence the propriety of a bill of particulars. The law abhors surprise and undue advantage, and therefore requires all *121 reasonable certainty. In this particular case, the party would be wholly at sea, if he may be made liable for that which is outside of the contract set forth — which in no way springs from it as an incident — which, though susceptible of allegation, is neither set out by special count, nor notified in the bill of particulars. Such a rule would be obnoxious to the double imputation of surprising the defendant, and of giving to the plaintiff what he has not asked for. On the contrary, that is but a reasonable rule which requires such an advertisement, at least as may enable the parties to prepare to meet proof by proof, that the truth may be known.
Judicial authority has been adduced of the refusal of new trials wherein juries, in certain extreme cases, have allowed the interest upon a special contract, though not specially counted for, because such finding was according to the justice of the particular case. Still, such cases fall short of the position now taken.
The cases cited, however, in 9 Eng. C. L. Rep. 292 and 3 Taunt. 157, are directly of that character. I cannot see, however, that they furnish a rule. None have gone to the extent of this case; and before we will attempt an inroad by reversing that which we believe to be according to well settled principles and forms of practice, in an excursion after the particular ji«.sNce of the case, it is perhaps wise to pause until we have further light.
The plaintiff also insists on his right to recover in this suit, brought in his own name, for goods sold and delivered the defendants by a firm of which he was a partner. This must depend on some legal transfer authorizing a suit in his own name, or on some change in the contract, or the substitution of a new contract springing from the original. I shall not controvert that the parties were competent to make a new contract, and that the old contract would furnish a sufficient consideration to give it validity.
This original contract was a chose in action, and the ground encounters the general rule of law that a chose in action cannot be assigned. When the plaintiff claims the benefit of an ex *122 ception, he must bring himself strictly within it. No change by either of the contracting parties, by an arrangement among themselves, can be made so as to affect the equities or legal right of the other contracting parties, without their express assent. The change of contract or substitution of a new one is incomplete, unless the contract is extinguished. The discharge of a subsisting debt is a good consideration for a new debt; and, therefore, it is, that extinguishment of the original debt is an essential ingredient; and in turn, the new promise, and its acceptance, operates as a discharge — hence the mutuality between the parties. These are plain principles, to be found well sustained in Chit, on Con. 613; 4 B. & Cres. 166; 8 B. & Cres. 402. “The plaintiff proved,” says the report, “that Darby, after the dissolution, admitted the balance of the account,” which was shewn to include as well the demand in favor of DeGroot & Co., as of DeGroot alone, and that previous tó the dissolution he had likewise confessed a judgment in favor of the Sfeinmey-ers. But Darby, it is clear, could not, after the dissolution, have bound his former associates in an original contract, nor was he competent to bind them in a new one, although based on the old one, unless some special authority had been conferred for that purpose. The admission of a debt by Darby, made by his confession of judgment, and its acceptance by the Steinmeyers, to secure them against apprehended loss or liability, can in no way establish the proposition to be made good by the plaintiff. A new promise by Darby may have fixed his liability on the new contract, and, if accepted by the plaintiff, may have extinguished the original debt, and thereby have released the other defendants wholly. Again, if there was a new contract, a special count on this special promise may have been necessary. So that the right to recover, as to this demand, in the present action, is not perceived by this Court.
The motion for a new trial is dismissed.
O’Neall, Wardlaw, Withers, Glover and MüNRO, JJ,, concurred.

Motion dismissed.